IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER I. WILLIAMS, #349060 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-12-3602 |
| STATE OF MARYLAND | * | |
| AMANDA DOWNES | | |
| OFFICE OF THE PUBLIC DEFENDER/ | * | |
| APPELLATE DIVISION | | |
| Defendants. | * | |
| | *** | |

MEMORANDUM

On December 7, 2012, the court received for filing this 42 U.S.C. § 1983 complaint for monetary damages. Christopher Williams ("Williams"), a state inmate housed at the Eastern Correctional Institution in Westover, Maryland, files suit against the state of Maryland and an Assistant Public Defender of Maryland in that Office's appellate division. ECF No. 1. According to the statement of facts, Williams claims that Assistant Public Defender Downes failed to meet her duties and obligations to him on direct appeal. The apparent thrust of Williams's claim is that Downes failed to file a reply brief on his behalf addressing a search and seizure issue under the Supreme Court decision in *Arizona v. Gant*, 556 U.S. 332 (2009). He asserts that Ms. Downes's conduct "fell below a reasonable standard" and he accuses defendants of "wrongful imprisonment, defamation of character, and malicious prosecution." *Id.* Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted. The § 1983 complaint shall, however, be dismissed *sua sponte* as legally frivolous.

Jurisdictional and threshold requirements of §1983 civil actions demand that a substantial federal claim be asserted and that the named defendants act "under color of" state law. *See* 28 U.S.C.

§§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Therefore, regardless of whether Williams can prove that the Assistant Public Defender Downes provided him with ineffective assistance of counsel on direct appeal, he can state no claim under § 1983 because he is not suing a state actor. *See Curry v. South Carolina*, 518 F.Supp.2d 661, 667 (D. S.C. 2007).

Further, neither the state, nor an arm of the state, is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Therefore, the State of Maryland is not a proper defendant under § 1983.

Because Williams's § 1983 complaint is premised on an indisputably meritless legal theory, his case shall be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e).[1] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal

---

[1] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[2] A separate Order follows dismissing this case pursuant to 28 U.S.C. § 1915(e).

DATED this 20 day of December, 2012

BY THE COURT:

*James K. Bredar*
James K. Bredar
United States District Judge

---

[2] 28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.

3